UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUSTIN FRETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 0:21-cv- 02009-ECT-LIB |
| | ) |
| SANTANDER CONSUMER USA INC., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SANTANDER CONSUMER USA INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Santander Consumer USA Inc. ("SC"), submits its Answer and Affirmative Defenses to Plaintiff's Complaint.

SC presumes that all captions, titles, and headings in the Complaint are intended to be non-substantive and do not require specific responses; to the extent they are intended to be substantive allegations, SC hereby denies all such assertions. Except as otherwise expressly admitted, qualified, or denied in this Answer, SC denies each and every allegation of the Complaint.

**JURISDICTION**

1. The allegations of Paragraph 1 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 1.

2. The allegations of Paragraph 2 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 2.

3. The allegations of Paragraph 3 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 3.

## PARTIES

4. SC is without sufficient information to confirm or deny the allegations of Paragraph 4 and therefore denies the same.

5. SC states that it served as the lender for Plaintiff's automobile in question, and is authorized to do business in the State of Minnesota. Except as so stated, the allegations of Paragraph 5 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 5.

6. SC is without sufficient information to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7. SC is without sufficient information to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

## FACTUAL SUMMARY

8. SC states that it served as the lender for Plaintiff's automobile in question. Except as so stated, the remaining allegations of Paragraph 8 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 8.

9. SC admits the allegations of Paragraph 9.

10. SC admits that the referenced statement appears in the referenced document and denies any interpretation of said statement inconsistent therewith.

11. SC admits the allegations of Paragraph 11.

12. SC states that it engaged the assistance of a third-party with respect to the administration of Plaintiff's loan account. Except as so stated, SC denies the allegations of Paragraph 12.

13. SC is without sufficient information to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14. SC is without sufficient information to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. SC denies the allegations of Paragraph 15.

16. SC is without sufficient information to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. SC is without sufficient information to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. SC is without sufficient information to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19. SC is without sufficient information to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. SC is without sufficient information to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. SC is without sufficient information to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22. SC is without sufficient information to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23. SC is without sufficient information to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24. SC is without sufficient information to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25. SC is without sufficient information to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

26. SC is without sufficient information to confirm or deny the allegations of Paragraph 26 and therefore denies the same.

27. SC is without sufficient information to confirm or deny the allegations of Paragraph 27 and therefore denies the same.

28. SC is without sufficient information to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29. SC is without sufficient information to confirm or deny the allegations of Paragraph 29 and therefore denies the same.

30. SC is without sufficient information to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31. SC is without sufficient information to confirm or deny the allegations of Paragraph 31 and therefore denies the same.

32. SC is without sufficient information to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33. SC is without sufficient information to confirm or deny the allegations of Paragraph 33 and therefore denies the same.

34. SC is without sufficient information to confirm or deny the allegations of Paragraph 34 and therefore denies the same.

35. SC is without sufficient information to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36. SC is without sufficient information to confirm or deny the allegations of Paragraph 36 and therefore denies the same.

37. The allegations of Paragraph 37 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 37.

38. The allegations of Paragraph 38 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 38.

39. The allegations of Paragraph 39 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 39.

40. The allegations of Paragraph 40 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 40.

## DAMAGES

41. The allegations of Paragraph 41 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 41.

42. SC denies the allegations of Paragraph 42.

43. SC denies the allegations of Paragraph 43.

## RESPONDEAT SUPERIOR LIABILITY

44. The allegations of Paragraph 44 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 44 and therefore denies the same.

45. The allegations of Paragraph 45 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46. The allegations of Paragraph 46 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 46 and therefore denies the same.

47. The allegations of Paragraph 47 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 47 and therefore denies the same.

## **STANDING**

48. The allegations of Paragraph 48 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 48 and therefore denies the same.

49. The allegations of Paragraph 49 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 49 and therefore denies the same.

50. The allegations of Paragraph 50 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 50 and therefore denies the same.

51. The allegations of Paragraph 51 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 51 and therefore denies the same.

52. The allegations of Paragraph 52 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 52 and therefore denies the same.

53. The allegations of Paragraph 53 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54. The allegations of Paragraph 54 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 54 and therefore denies the same.

55. The allegations of Paragraph 55 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 55 and therefore denies the same.

56. The allegations of Paragraph 56 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 56 and therefore denies the same.

57. The allegations of Paragraph 57 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 57 and therefore denies the same.

58. The allegations of Paragraph 58 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 58 and therefore denies the same.

59. The allegations of Paragraph 59 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 59 and therefore denies the same.

60. The allegations of Paragraph 60 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 60 and therefore denies the same.

61. The allegations of Paragraph 61 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 61 and therefore denies the same.

62. The allegations of Paragraph 62 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC is without sufficient information to confirm or deny the allegations of Paragraph 62 and therefore denies the same.

**PLAINTIFF'S JURY TRIAL DEMAND**

63. The allegations of Paragraph 63 constitute a request and a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 63.

**CAUSES OF ACTION**

**COUNT I.**
**COMMON LAW TRESPASS TO CHATTELS – THE VEHICLE**

**AGAINST ALL DEFENDANTS**

64-67. Plaintiff's Count I does not assert claims against SC, and therefore SC is not required to answer or otherwise respond to Paragraphs 64-67. Paragraphs 64-67 also constitute legal conclusions, to which no response is required. To the extent a response is required, Santander denies the allegations of Paragraphs 64-67.

WHEREFORE, SC requests that this Court:

a) dismiss the Complaint;

b) enter judgment in SC's favor;

    c) award SC its attorneys' fees and costs; and

    d) grant SC all other appropriate relief.

## COUNT II.
## VIOLATION OF MINN. STAT. § 336.9-609 - BREACH OF PEACE

### AGAINST ALL DEFENDANTS

68. SC reasserts its responses to Paragraphs 1 through 67 as if set forth fully herein.

69. The allegations of Paragraph 69 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 69.

70. The allegations of Paragraph 70 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 70.

71. The allegations of Paragraph 71 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 71.

72. The allegations of Paragraph 72 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 72.

73. The allegations of Paragraph 73 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 73.

WHEREFORE, SC requests that this Court:

    a) dismiss the Complaint;

    b) enter judgment in SC's favor;

    c) award SC its attorneys' fees and costs; and

    d) grant SC all other appropriate relief.

## COUNT III.
## INVASION OF PRIVACY

### ALL DEFENDANTS

74.     SC reasserts its responses to Paragraphs 1 through 73 as if set forth fully herein.

75.     SC denies the allegations of Paragraph 75.

76.     SC denies the allegations of Paragraph 76.

77.     SC denies the allegations of Paragraph 77.

78.     The allegations of Paragraph 78 constitute a legal conclusion, to which no response is required. To the extent a response is required, SC denies the allegations of Paragraph 78.

WHEREFORE, SC requests that this Court:

    a) dismiss the Complaint;

    b) enter judgment in SC's favor;

    c) award SC its attorneys' fees and costs; and

    d) grant SC all other appropriate relief.

## PRAYER FOR RELIEF

SC denies that Plaintiff is entitled to the requested relief, and specifically denies each bulleted request for relief requested by Plaintiff.

WHEREFORE, SC requests that this Court:

    a) dismiss the Complaint;

    b) enter judgment in SC's favor;

    c) award SC its attorneys' fees and costs; and

   d)  grant SC all other appropriate relief.

## AFFIRMATIVE AND OTHER DEFENSES

SC asserts these defenses to the allegations in the Complaint.

1.  Except as expressly admitted herein, SC denies each and every allegation of Plaintiff's Complaint against it.

2.  Plaintiff fails to state a claim on which relief may be granted and therefore Plaintiff's Complaint must be dismissed as to SC.

3.  Plaintiff's Complaint should be dismissed as to SC because SC at all times acted appropriately and in accordance with applicable law.

4.  Plaintiff's Complaint should be dismissed because SC had a legal claim of right to take possession of Plaintiff's vehicle.

5.  Plaintiff's claims should be dismissed for failure to join necessary parties.

6.  Plaintiff's claims are barred because any injuries or damages sustained by Plaintiff were not proximately caused by SC.

7.  Plaintiff cannot recover damages from SC because its alleged damages are the result of the conduct of one or more third parties that are not a defendant to this suit.

8.  Plaintiff's claims are barred by the doctrines of waiver and estoppel.

9.  Plaintiff's claims are barred by the applicable statutes of limitation, res judicata, collateral estoppel, laches, unclean hands, accord and satisfaction, preemption, and/or statute of repose.

10.  Plaintiff's claims are barred and should be stricken because SC acted with due care at all times; complied with all applicable laws, regulations, and standards; and has otherwise acted reasonably and in good faith.

11.  SC denies that it breached any duty to Plaintiff and demands strict proof thereof.

12. Plaintiff's claims are barred and should be stricken because SC is not guilty of negligence, wantonness, recklessness, willful, or other wrongful conduct.

13. SC denies that it was guilty of any wrongdoing and demands strict proof thereof.

14. SC contests the amount and nature of the damages claimed by Plaintiff in the Complaint.

15. SC asserts as a defense, credit or set-off against the damages claimed by Plaintiff, the settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity and also any monies paid to or on behalf of Plaintiff for injuries or damages suffered in the incident made the basis of this case by any source.

16. SC is currently investigating the nature of its relationship with other parties potentially involved in the actions complained of in Plaintiff's Complaint, and SC reserves its right to file cross-claims and/or third-party claims against said parties once such investigation is complete if it is determined that said parties are or may be liable to SC for all or part of a claim asserted in this action against SC.

17. SC reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by evidence in this case.

Dated:  November 4, 2021 　　　　　　　　**NORTON ROSE FULBRIGHT US LLP**

By: /s/  *Allison Lange Garrison*
Allison Lange Garrison (#0391433)
RBC Plaza, 60 South 6th St #3100
Minneapolis, MN 55402
Telephone: (612) 321-2800
Facsimile: (612) 321-2288
allison.langegarrison@nortonrosefulbright.com

*Attorneys for Defendant Santander Consumer USA Inc.*

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded to the party or parties against whom the allegations in this pleading are asserted.

*/s/ Allison Lange Garrison*
Allison Lange Garrison