UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Frette,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Santander Consumer USA, AWR Enterprises, Inc., and William E. Decker, individually,<br><br>　　　　　Defendants. | Civil File No. 21-cv-02009-ECT-LIB<br><br>**ANSWER OF AWR ENTERPRISES, INC. AND WILLIAM E. DECKER** |

Defendants, AWR ENTERPRISES, INC. ("AWR") and WILLIAM E. DECKER ("Decker")(collectively, "Defendants"), for their Answer to Plaintiff's Complaint, state as follows:

Defendants deny each and every allegation in the Complaint that is not expressly admitted in this Answer.

## JURISDICTION

1.　　The allegations of Paragraph 1 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 1.

2.　　The allegations of Paragraph 2 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 2.

3.　　The allegations of Paragraph 3 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 3.

## PARTIES

4. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 4 and therefore deny the same.

5. The allegations of Paragraph 5 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 5.

6. The allegations of Paragraph 6 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 6.

7. Defendants admit that Decker was employed by AWR at all times relevant to the allegations in the Complaint. Except as so stated, the allegations of Paragraph 7 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 7.

## FACTUAL SUMMARY

8. Defendants admit upon information and belief that Defendant Santander Consumer USA ("Santander") served as the lender for Plaintiff's automobile in question. Except as so stated, the allegations of Paragraph 8 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 8.

9. Defendants admit upon information and belief the allegations of Paragraph 9.

10. Defendants admit upon information and belief that the statement referenced in Paragraph 10 appears in the referenced document and denies any interpretation of said statement inconsistent with that language.

11. Defendants admit upon information and belief the allegations of Paragraph 11.

12. Defendants admit that AWR was retained by Santander Consumer USA to assist in the administration of Plaintiff's loan account. Except as so stated, Defendants deny the allegations of Paragraph 12.

13. Defendants admit that Decker went to Plaintiff's residence for the purpose of repossessing Plaintiff's automobile on May 12, 2021. Except as so stated, Defendants deny the allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

15. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 15 and therefore deny the same.

16. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 16 and therefore deny the same.

17. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 17 and therefore deny the same.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

2306\309469889.v1

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 25 and therefore deny the same.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Answering Paragraph 29, Defendants admit only that Officer A. Rittgers came to Plaintiff's residence on May 12, 2021 while Defendant Decker was present. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 33 and therefore deny the same.

34. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 34 and therefore deny the same.

35. Defendants are without sufficient information to confirm or deny the allegations of Paragraph 35 and therefore deny the same.

36. Defendants deny the allegations of Paragraph 36.

37. The allegations of Paragraph 37 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 37.

38. The allegations of Paragraph 38 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 38.

39. The allegations of Paragraph 39 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 39.

40. The allegations of Paragraph 40 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 40.

## DAMAGES

41. The allegations of Paragraph 41 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

## RESPONDEAT SUPERIOR LIABILITY

44. The allegations of Paragraph 44 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 44.

2306\309469889.v1

45. The allegations of Paragraph 45 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 45.

46. The allegations of Paragraph 46 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 46.

47. The allegations of Paragraph 47 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 47.

## **STANDING**

48. The allegations of Paragraph 48 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 48.

49. The allegations of Paragraph 49 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 49 and therefore deny the same.

50. The allegations of Paragraph 50 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 50 and therefore deny the same.

2306\309469889.v1

51. The allegations of Paragraph 51 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 51 and therefore deny the same.

52. The allegations of Paragraph 52 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 52.

53. The allegations of Paragraph 53 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 53.

54. The allegations of Paragraph 54 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 54.

55. The allegations of Paragraph 55 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 55.

56. The allegations of Paragraph 56 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 56 and therefore deny the same.

57. The allegations of Paragraph 57 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient

2306\309469889.v1

information to confirm or deny the allegations of Paragraph 57 and therefore deny the same.

58.     The allegations of Paragraph 58 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 58.

59.     The allegations of Paragraph 59 constitute a legal conclusion, to which no response is required.  To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 59 and therefore deny the same.

60.     The allegations of Paragraph 60 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 60 and therefore deny the same.

61.     The allegations of Paragraph 61 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 61 and therefore deny the same.

62.     The allegations of Paragraph 62 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants are without sufficient information to confirm or deny the allegations of Paragraph 62 and therefore deny the same.

2306\309469889.v1

**PLAINTIFF'S JURY TRIAL DEMAND**

63. The allegations of Paragraph 63 constitute a request and a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 63.

**CAUSES OF ACTION**

**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**
**DEFENDANTS AWR AND DECKER**

64. Defendants reassert their responses to Paragraphs 1 through 63 as if set forth fully herein.

65. The allegations of Paragraph 65 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 65.

66. The allegations of Paragraph 66 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 66.

67. The allegations of Paragraph 67 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 67.

WHEREFORE, Defendants request that this Court:

a) dismiss the Complaint with prejudice;

b) enter judgment in Defendants' favor;

c) award Defendants their attorneys' fees and costs; and

2306\309469889.v1

    d)  grant Defendants all other appropriate relief.

## COUNT II.
### VIOLATION OF MINN. STAT. § 336.9-609 – BREACH OF PEACE
### ALL DEFENDANTS

68. Defendants reassert their responses to Paragraphs 1 through 67 as if set forth fully herein.

69. The allegations of Paragraph 69 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 69.

70. The allegations of Paragraph 70 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 70.

71. The allegations of Paragraph 71 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 71.

72. The allegations of Paragraph 72 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 72.

73. The allegations of Paragraph 73 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 73.

WHEREFORE, Defendants request that this Court:

    a)  dismiss the Complaint with prejudice;

2306\309469889.v1

b) enter judgment in Defendants' favor;

c) award Defendants their attorneys' fees and costs; and

d) grant Defendants all other appropriate relief.

## COUNT III.
## INVASION OF PRIVACY
## ALL DEFENDANTS

74. Defendants reassert their responses to Paragraphs 1 through 73 as if set forth fully herein.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. The allegations of Paragraph 78 constitute a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 78.

WHEREFORE, Defendants request that this Court:

a) dismiss the Complaint with prejudice;

b) enter judgment in Defendants' favor;

c) award Defendants their attorneys' fees and costs; and

d) grant Defendants all other appropriate relief.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the requested relief; and specifically denies each bulleted request for relief requested by Plaintiff.

2306\309469889.v1

**WHEREFORE,** Defendants pray for an order and judgment of this Court in their favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendants with prejudice and on the merits and enter judgment in Defendants' favor;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, and 1927 in favor of Defendants; and

3. Awarding Defendants such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert these defenses to the allegations in the Complaint.

1. Except as expressly admitted herein, Defendants deny each and every allegation of Plaintiff's Complaint against them.

2. Plaintiff fails to state a claim on which relief may be granted and thereforePlaintiff's Complaint must be dismissed as to Defendants.

3. Plaintiff's Complaint should be dismissed because Defendants at all times acted appropriately and in accordance with applicable law.

4. Plaintiff's claims are barred by the bona fide error doctrine/defense under U.S.C. Section 1692k(c).

5. Plaintiff's claims are barred because any injuries or damages sustained by Plaintiff were not proximately caused by Defendants.

6. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

7. Plaintiff's claims are barred by the applicable statutes of limitation, laches, unclean hands and/or preemption.

8. Defendants assert as a defense, credit or set-off against the damages claimed by Plaintiff, any settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity and also any monies paid to or on behalf of Plaintiff for injuries or damages suffered in the incident that is the subject of Plaintiff's Complaint by any source.

9. Defendants reserve the right to raise such additional affirmative and other defenses as may be established during discovery and by evidence in this case.

Dated: November 17, 2021    **Hinshaw & Culbertson LLP**

**s/ Paulette S. Sarp**
Paulette S. Sarp, Reg. No. 351453
Matthew G. Novaria, Reg. No. 401459
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: 612-333-3434
Facsimile: 612-334-8888
psarp@hinshawlaw.com

Attorneys for Defendants AWR Enterprises, Inc., and William E. Decker, individually

2306\309469889.v1