UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 21-cv-02009 ECT/LIB

| | |
|---|---|
| Justin Frette,<br><br>             Plaintiff,<br>v.<br><br>Santander Consumer USA, AWR Enterprises Inc., William E. Decker, individually,<br><br>             Defendants. | **PLAINTIFF'S STATEMENT OF THE CASE** |

## I.

## **PLAINTIFF'S STATEMENT OF FACTS**

On May 12, 2021, at approximately 4:30 p.m., Defendant Decker, without permission, entered Plaintiff's residence. Plaintiff was eating dinner with his family when he heard footsteps and then banging on his wall. Plaintiff heard a man say, "hello?" Plaintiff's fiancé went towards the voice and asked, "who is it?" Plaintiff's fiancé then heard Defendant Decker state that he was looking for Justin, and that he was there for the truck. Plaintiff saw his children in fear as they were scared that someone had come inside of their home without their prior knowledge or permission. He told the children, ages 5, 8, and 10, to go to their rooms and lock the door for safety concerns. Plaintiff told his fiancé to go and protect their small children. He was scared and confused as to who Defendant Decker was and why he had just entered Plaintiff's home without permission.

Plaintiff asked Defendant Decker why he was inside of his home, Defendant Decker stated that he thought it was an apartment. Plaintiff explained that it was not an apartment and that he had just trespassed into a single-family dwelling. Plaintiff repeatedly instructed Defendant Decker to exit his home, reminding Defendant Decker that he was trespassing. Despite Plaintiff's demands that Defendant Decker exit Plaintiff's home, Defendant Decker would not voluntarily leave Plaintiff's house thus constituting trespass and breach of peace. Plaintiff then began getting "boisterous" to get Defendant Decker to leave his residence, repeating himself at least 5-10 different times, each time increasing the tone, tenor and volume of his demand.  Defendant Decker stated that he was there for Plaintiff's pickup truck. Plaintiff

advised Defendant Decker that he was in breach of contract by trespassing into his residence and informed Defendant Decker that he would not give up the truck voluntarily.

Plaintiff asked Defendant Decker to identify himself, but he would only state his name was "Bill," Defendant Decker refused to reveal his last name and failed to disclose the company he was working for. Defendant Decker not only trespassed into Plaintiff's home, but he also entered Plaintiff's home without a mask on during a pandemic, despite the Minnesota Governor's Mask Mandate pursuant to Executive Order 20-81, again in breach of the peace. Plaintiff was fearful that he and his family were at great risk of contracting COVID-19 due to Defendant Decker's reckless and deliberate disregard for the Governor's Executive Order. Once Plaintiff got Defendant Decker out of his residence, Defendant Decker continued to express to Plaintiff that he was there to pick up Plaintiff's 2016 Chevrolet Silverado half ton pickup truck. Plaintiff also advised Defendant Decker that he was calling the police due to him breaking the law by trespassing and breaching the peace. Defendant Decker agreed with Plaintiff that he should call the police due to his actions. At that time, Defendant Decker advised Plaintiff that he would not take his truck.

In the wake of Plaintiff's call, Officer A. Rittgers of the Park Rapids Police Department, arrived on the scene at 4:48 p.m. Defendant Decker apologized to Plaintiff at this time. Defendant Decker still seemed to be confused that Plaintiff's home was not an apartment building. Both Officer Rittgers and Plaintiff explained again that Plaintiff's home was a residence with a house number and not an apartment. Defendant Decker then stated that the company who sent him, Defendant AWR, had the wrong information written down for Plaintiff's address. Defendant Decker's explanation did not explain why he trespassed into Plaintiff's home to repossess a vehicle. Plaintiff expressed to Defendant Decker that he and his company, Defendant AWR, should do a better job of making sure they have the correct address before going to repossess someone's belongings. Defendant Decker agreed and everyone left the scene. Before leaving Defendant Decker stated that he called his company, Defendant AWR, and advised them of his wrongdoings and let Plaintiff know once more that they were not going to repossess his truck at that time.

## II.

### PLAINTIFF'S STATEMENT OF DAMAGES:

- For an award of actual damages in an amount not less than $10,000 pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants AWR and Decker;
- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants AWR and Decker;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- an award of actual damages in an amount not less than $10,000 against all Defendants according to Minn. Stat. §336.9-625 for the breach of peace; and
- an award of statutory damages against all Defendants for each violation under Minn. Stat. §336.9-625.

Dated this 21st day of December 2021.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@cgmvlaw.com

***ATTORNEYS FOR PLAINTIFF***