UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 21-cv-02009 ECT/LIB

| | |
|---|---|
| Justin Frette,<br><br>            Plaintiff,<br>v.<br><br>Santander Consumer USA, AWR Enterprises Inc., William E. Decker, individually,<br><br>            Defendants. | **JOINT RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on December 20, 2021, and prepared the following report.

(a)   Description of the Case.

(1) Concise factual summary of plaintiff's claims:

**Plaintiff brings claims to recover damages arising from Defendants' unlawful repossession attempt of Plaintiff's automobile in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* Minn. Stat. § 336.9-609, and Minnesota common law.**

(2) Concise factual summary of defendant's claims/defenses:

**Defendant Santander Consumer USA, AWR Enterprises, Inc. and William E. Decker (collectively "Defendants") deny that they violated the Fair Debt Collection Practices Act, Minn. Stat. § 336.9-609, or Minnesota common law. Defendants generally allege that they acted in good faith and reasonably in connection with their dealings with Plaintiff and complied with all applicable statutory and common law.**

(3) Statement of jurisdiction (including statutory citations):

**The parties agree that the jurisdiction of this Court arises under 28 U.S.C. § 1331 because his claims are brought pursuant to 15 U.S.C. § 1692.**

(4) Summary of factual stipulations or agreements:

**The parties have agreed to electronic service for discovery requests and responses.**

(5) Statement of whether a jury trial has been timely demanded by any party:

**Plaintiff has demanded a jury trial.**

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

**The parties do not agree to resolve the litigation under Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.**

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

**All process has been served. At this time the parties do not anticipate filing any amended pleadings.**

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **January 10, 2022.**

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 **by June 1, 2022**.

(3) The parties must commence fact discovery procedures in time to be completed by **October 1, 2022**.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) <u>30</u> interrogatories (each side may serve no more than 30 interrogatories);

(B) <u>40</u> requests for production of documents (each side may serve no more than 40 requests);

(C) <u>7</u> depositions per side;

    (D) <u>30</u> requests for admissions (each side may serve no more than 30 requests);

    (E) 1 Rule 35 medical examination of Plaintiff on behalf of all Defendants; and

    (F) <u>N/A</u> other.

(d) Expert Discovery.

    (1) The parties anticipate that they **<u>will</u>** require expert witnesses at the time of trial.

        (A) Plaintiff will call a rebuttal expert witness only.

        (B) Defendants may call experts concerning:

**Defendants have not determined whether they will call any expert witnesses at this time. However, Defendants may retain a witness to conduct an examination of Plaintiff per Rule 35. Defendants reserve the right to do so.**

    (2) The parties propose that the Court establish the following plan for expert discovery:

Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a. Identities and reports by Plaintiff on or before **<u>June 1, 2022</u>**.
    b. Identities and reports by Defendants on or before **<u>July 1, 2022</u>**.
    c. Rebuttal identities and disclosures by: **<u>August 1, 2022</u>**.

    (3) All expert discovery must be completed by **<u>September 15, 2022</u>**.

(e) Other Discovery Issues.

    (1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order/report identifying areas of disagreement.

    (2) Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues:

The parties do not anticipate any issues about disclosure or discovery of electronically stored information. The parties do not believe that this case is suitable

for electronic discovery, but are amenable to producing any electronically stored information in hard copy or .pdf and bates labeled as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer amongst themselves regarding any additional exchange or production that either party believes necessary.

(3) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:

    (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

    (i) expressly make the claim; and

    (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

    (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(4) The parties:

    **XX**    Agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

        Agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

        Do not agree whether a part should be required to request an information conference with the Court before filing a discovery motion.

    (5) The parties agree that service, including that of discovery requests, may be made via email. The receiving party shall confirm receipt within two business days, otherwise the sending party shall follow-up to confirm receipt.

(f) Proposed Motion Schedule.

    The parties propose the following deadlines for filing motions:

    (1) Motions seeking to join other parties must be filed and served by **March 1, 2022**.

    (2) Motions seeking to amend the pleadings must be filed and served by **March 1, 2022**.

    (3) All other non-dispositive motions, which includes motions for punitive damages, must be filed and served by **November 1, 2022**.

    (4) All dispositive motions must be filed and served by **December 1, 2022**.

(g) Trial-Ready Date.

    (1) The parties agree that the case will be ready for trial on or after **April 1, 2023.**

    (2) The parties propose that the final pretrial conference be held on or before **February 1, 2023**.

(h) Insurance Carriers/Indemnitors.

    List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

    **Defendants are covered under a policy issued by Allied World Surplus Lines Insurance Company with a total limit of liability for covered professional liability claims in the amount of $1,000,000.**

(i) Settlement.

    (1) The parties will discuss settlement before the initial pretrial conference, however, Plaintiff will not be in a position to make a settlement demand until after initial discovery is conducted.

    (2) The parties propose that a settlement conference be scheduled to take place on or around **April or May 2022 – subject to developments in initial discovery.**

    (3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: **The parties intend to participate in a private mediation prior to the close of fact discovery**.

(j) Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

| | |
|---|---|
| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEYS FOR DEFENDANTS SANTANDER, AWR ENTERPRISES AND DECKER* |

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
mvavreck@cgmvlaw.com

Dated: December 28, 2021

By: s/ Paulette S. Sarp
Paulette S. Sarp, Reg. No. 351453
Matthew G. Novaria, Reg. No. 401459
HINSHAW & CULBERTSON LLP
333 South Seventh Street Suite 2000
Minneapolis, MN 55402
Telephone: 612-333-3434
Facsimile: 612-334-8888
psarp@hinshawlaw.com

Dated: December 28, 2021

1046578\309786711.v1