## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Frette, | ) |
|         Plaintiff, | ) Civil File No. 21-cv-2009 (ECT/LIB) |
| v. | ) |
| | ) **PROTECTIVE ORDER** |
| Santander Consumer USA, AWR Enterprises, Inc., and William E. Decker, individually, | ) |
|         Defendants. | ) |

Upon consideration of the parties' Stipulation for Protective Order [Docket No. 22], as slightly modified by the Court pursuant to its inherent authority to manage the cases that are pending before the Court,

**IT IS HEREBY ORDERED THAT**:

1. **Definitions.** As used in this protective order:

    a. "action" means the above-captioned lawsuit, *Justin Frette v. Santander Consumer USA Inc., AWR Enterprises, Inc. and William E. Decker*, Case No.: 21-cv-2009-ECT/LIB (D. Minn.);

    b. "attorney" means an attorney who has appeared in this action;

    c. "confidential document" means a document designated as confidential under this protective order;

    d. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    e. "document" means information disclosed or produced in discovery, including at a deposition;

    f.    "notice" or "notify" means written notice;

    g.    "party" means a party to this action; and

    h.    "protected document" means a document protected by a privilege or the work-product doctrine.

**2.    Designating a Document or Deposition as Confidential.**

    a.    A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

    b.    A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

    c.    Deposition testimony may be designated as confidential:

        i.    on the record at the deposition; or

        ii.    after the deposition, by promptly notifying the parties and those who were present at the deposition.

    d.    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.    Who May Receive a Confidential Document.**

    a.    A confidential document may be used only in this action.

    b.    No person receiving a confidential document may reveal it, except to:

        i.    the Court and its staff;

        ii.    an attorney or an attorney's partner, associate, or staff;

   iii. a person shown on the face of the confidential document to have authored or received it;

   iv. a court reporter or videographer retained in connection with this action;

   v. a party; and

   vi. any person who:

    (1) is retained to assist a party or attorney with this action; and

    (2) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Justin Frette v. Santander Consumer USA Inc., AWR Enterprises, Inc. and William E. Decker*, Case No. 21-cv-2009 in the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

  c. Any party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

  d. If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it immediately.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

  a. A confidential document may be used only in this action.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.** If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota. The parties are advised that designation by a party of a document as protected pursuant to the terms of this Order **cannot** be used as the sole basis for filing the document under seal in connection with either a nondispositive motion, dispositive motion, trial related motion, or trial. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, Order of the Court, or other legal authority) shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal. **The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota.** Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will

4

ultimately outweigh the public's right to access filings on the Court's docket; only documents that meet this good faith basis should be considered for filing under seal so as to limit the unnecessary and problematic filing of excessive documents under seal.

7. **Changing a Confidential Document's Designation.**

   a. **Document disclosed or produced by a party.** A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.

   b. **Document produced by a non-party.** A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise, after providing an opportunity for the non-party to be heard.

   c. **Changing a designation by court order.** A party who cannot obtain agreement to change a designation may move for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document After Termination of Litigation.**

   a. Within 60 days after the termination of this action (including any appeals), each party must:

      i. return or destroy all confidential documents; and

      ii. notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    b.    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the Court.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    a.    **Notice.**

        i.    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        ii.    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    b.    **Handling of Protected Document.** A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Secured Precautions and Data Breaches.**

    a.    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    b.    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

DATED:  February 18, 2022                              s/Leo I. Brisbois
                                                                                        Hon. Leo I. Brisbois
                                                                                        U.S. MAGISTRATE JUDGE